IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Perma-Green Supreme, Inc. an Indiana corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| Dr. Permagreen, LLC a Michigan limited liability company; Michael Edward Klott, an individual; and FTW Investments LLC, a Michigan limited liability company | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, Perma-Green Supreme, Inc. ("Perma-Green"), by its counsel, SWANSON, MARTIN & BELL, LLP, for its Complaint against Defendants Dr. Permagreen LLC ("Dr. Permagreen"), Michael Edward Klott ("Klott), and FTW Investments LLC ("FTW Investments"), collectively referred to as "Defendants," states as follows:

## INTRODUCTION

1. This action involves numerous violations of the Lanham Act, 15 U.S.C. §§ 1051 et. seq. ("Lanham Act"), including trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1); False Designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125; and for False and Deceptive Advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125. This action also alleges violations of Indiana's Deceptive Trade Practices Act and Unfair Competition.

2. The claims arise from the willful and deliberate efforts of Defendants to compete with Perma-Green by trading upon Perma-Green's goodwill and reputation, and infringing upon Perma-Green's trademarks and intellectual property to create confusion in the marketplace and bolster their own sales by falsely describing products as manufactured by, branded by, associated with, sponsored by, or sold by Perma-Green.

3. Unless Defendants are permanently enjoined from infringing Perma-Green's intellectual property rights, and otherwise deceiving the consuming public and tarnishing Perma-Green's reputation, Perma-Green will continue to suffer substantial ongoing and irreparable harm.

## PARTIES

4. Perma-Green is an Indiana company based in Valparaiso, Indiana. Perma-Green was founded in 1973 and provides lawncare equipment to discerning customers nationwide. Perma-Green invented and patented the first dual-injection spray gun, the first mechanized walk-behind spreader sprayer, and the industry's first stand-on spreader sprayer. Perma-Green is an industry leader in both originality and design of its high quality products.

5. Defendant Klott is an individual who resides at 55 Henry Deblouw, Memphis, Michigan.

6. Defendant Dr. Permagreen is a Michigan limited liability company for which Klott is the Registered Agent.

7. Defendant FTW Investments is a Michigan limited liability company for which Klott is the Registered Agent.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of Perma-Green's Complaint under one or more sections of the Lanham Act, 15 U.S.C. §§ 1051 et. seq. ("Lanham Act"), thus the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9. Personal jurisdiction exists over Defendants because Defendants transact business in this District, including the solicitation and sale of goods and other acts into the District that give rise to the claims in this Complaint. Defendant also deceptively made purchases from Perma-Green, which is located within the District.

10. Venue is proper pursuant to 28 U.S.C. §1391 because this cause of action arises out of events occurring in part or in full in this District.

## FACTUAL ALLEGATIONS

### Perma-Green's Intellectual Property

11. Perma-Green is a manufacturing company based in Valparaiso, Indiana that since 1973 has sold commercial lawn-care products throughout the United States.

12. Perma-Green holds the standard character trademark for PERMAGREEN, Reg. No. 3590584 (the "Mark"), in Class 7 for commercial lawn equipment. Perma-Green continues to use its mark throughout the United States. **Attached as Exhibit 1**.

13. Perma-Green's Mark is incontestable, having been in use since at least 2003 and first registered on March 17, 2009.

14. The Mark is instantly recognizable in the commercial lawn care industry and represents the fifty years of innovation and care that Perma-Green has put into its products.

15. The Mark is so well known in the industry that other companies desire to become and have become authorized resellers of Perma-Green equipment and parts. Companies designated as authorized resellers derive considerable value in their ability to use the Mark for selling commercial lawn care equipment and parts.

16. Perma-Green protects the integrity of its brand by exclusively permitting authorized resellers to use the Mark.

3

17.     The Perma-Green name and Mark provide Perma-Green with considerable goodwill, in part because of Perma-Green's commitment to manufacturing high quality products and its commitment to providing customers with a high quality of service..

### "Dr. Permagreen" Infringes Perma-Green's Mark

18.     Defendants offer and sell equipment allegedly capable of working with Perma-Green's products and use and exploit Perma-Green's goodwill.

19.     For example, Defendants have sold more than 1,400 products on e-Bay.



20.     Defendants have created considerable confusion regarding the source of origin of goods sold by Dr. Permagreen, as Dr. Permagreen is not Perma-Green, nor is it endorsed, sponsored by, or affiliated with Perma-Green.

21.     The name "Dr. Permagreen" is highly similar to the Mark.

4

22. Klott used his entity, FTW Investments, to purchase Perma-Green products that he then sold through the Dr. Permagreen entity.

23. Upon information and belief, Klott directed FTW Investments to make purchases of Perma-Green parts to avoid suspicion from Perma-Green, but with the intent to sell the parts using the Dr. Permagreen entity.

24. The Defendants' actions have led to actual confusion.

25. Customers who bought parts from Dr. Permagreen began calling Perma-Green believing they had purchased parts directly from Perma-Green.

26. Customers have commented on Perma-Green's Facebook page because they had negative business experiences with Dr. Permagreen and falsely believed Defendants were associated with Perma-Green.

27. In addition to actually confusing customers, Defendants' actions caused customers to buy parts that are not made to the high safety specifications of Perma-Green.

28. As a result of the actual confusion, Perma-Green's reputation has been tarnished and Perma-Green is unable to maintain the high safety standards it holds for its products.

29. Many buyers have had negative experiences with Dr. Permagreen.

30. Dr. Permagreen's e-Bay page contains numerous negative reviews. For example, buyers commented: "Terrible seller! Buyers beware! Item would not turn on. Slow or no response;" "I payed for it and he would never ship it but gave me my money back;" "seller changed price after being paid, shipping took over a week, missing/broken;" and "Did not have lug nuts like it said it did so I had to go buy my own for $29."

31. These and other negative experiences of Dr. Permagreen's customers have damaged the goodwill Perma-Green has in the Mark.

32. Defendants also marketed lawn-care products on the drpermagreen.com website.

33. Perma-Green sent Cease and Desist letters to Defendants demanding that Defendants stop infringing Perma-Green's rights.

**Klott Intentionally Continues Violating Perma-Green's Intellectual Property Rights**

34. After Perma-Green sent the first Cease and Desist letter, Klott announced his intent to continue selling counterfeit goods.

35. On August 4, 2023, Klott sent Perma-Green an e-mail response stating he would use "sources all over China" to copy parts that he could sell by January.

36. In full, the August 4, 2023 e-mail states:

> From: mike klott <swollc@gmail.com>
> Sent: Friday, August 4, 2023 10:22 AM
> To: [redacted]@permagreen.com>
> Subject: Re: Account on hold
>
> You think you're gonna shut me down ? Good luck
> With that I have sources all over China . I'll have those parts copied and here by January. You must be pretty slow over there to take all this time to keep fucking with me. You should use your time better, I feel sorry for you, you must have a pretty miserable life. I know you won't respond because you don't have the balls too, your just a keyboard warrior
> Best regards
> Mike
>
> Sent from my iPhone

37. After he received the first Cease and Desist letter, Defendant began directing the sale of goods through turfequipmentusa.com.

38. The turfequipmentusa.com website continued to use the Dr. Permagreen brand to create confusion with Perma-Green's customers. For example at check out, the website shows Dr. Permagreen as the identity of the seller:

6



39. The Returns Policy also identified Dr. Permagreen as the entity behind the offerings:

## Returns

### Standard Return Policy

With our simple returns process, you can shop online worry-free.
If something doesn't work out, you can send most items back within 14 days of delivery. *

- Start the return process within 7 days of receiving your item.
- We inspect all returned items. The product must be in new or unused condition, with all original product inserts and accessories.
- Shipping costs will be the responsibility of the customer.
- We will refund the cost of the merchandise and shipping charges if the return is a result of our error or defective product.
- Ship the product as soon as possible so it arrives at our facility within 14 days of receipt of the item.

#### How to Return an Item

Please call the Dr Permagreen and get a return number from one of our helpful customer service representatives.

#### Defective Product and Returns Due to Our Error

If there are mistakes with your order, or products arrive defective/damaged at the time of receipt, we'll make it right by:

- Sending you replacement parts or accessories
- Replacing the product or
- Issue a refund**
- And we'll also cover the cost of any return shipping
- If the product is not defective, return shipping fees will apply.

DR. PERMAGREEN

40.     And when a potential customer has questions, they are encouraged to "Call the Doc for a Refurbished Machine."



Call the Doc for a Refurbished Machine
586-307-4426

41.     Despite receiving the Cease and Desist letters, Klott continued to create counterfeit copies of genuine Perma-Green parts and offers them for sale as if the parts originated with Perma-Green.

8

42.     For example, Defendants offered for sale a "Permagreen Front Wheel & Tire" for $249.99 on the turfequipmentusa.com website. This is not a Permagreen part:



43.     Further, the product description for the "Permagreen Front Wheel & Tire" admits "These are not liquid filled."

44.     Perma-Green sells only liquid filled tires because tires without liquid are unsafe and render the equipment unstable. The substandard tires offered by Defendants create a safety hazard for customers.

45.     Defendants also falsely marketed a "Permagreen Triumph or Magnum Throttle Lever," which is not a Permagreen part.

46.     The product "Permagreen Magnum Idler Pulley Spinner Gearbox/Pump" is another falsely marketed product from Defendants because it is not a part sold by Perma-Green.

47.     Defendants also falsely advertised certain parts as "Permagreen Aftermarket" parts; for example, the "Permagreen Aftermarket 2:1 Wet Clutch" is not a Perma-Green part.

48.     These parts may not be manufactured to Perma-Green's standards. Yet consumers are falsely led to believe these are Perma-Green parts tarnishing Perma-Green's reputation.

9

49. Defendants' continued defiance led Perma-Green to send a second cease and desist letter.

50. In response to the second cease and deist letter, Defendants modified their website to misleadingly associate Perma-Green with Defendants by adding a banner that states it is the "#1 Source for Refurbished Permagreen Magnums and Permagreen Triumphs." This banner leads customers to believe that Defendants are endorsed or affiliated with Perma-Green.

51. Dr. Permagreen and the Defendants also began advertising on YouTube with a banner ad falsely suggesting an association between Perma-Green and Defendants. The advertisement leads customers to believe that Defendants are endorsed or affiliated with Perma-Green.

52. The statements made by Defendants that the parts are "Permagreen" parts are literally false.

53. The literally false statements appearing on the Defendants' website are placed to maximize their impact, confuse consumers, and affect a consumer's purchase decision.

54. Defendants have knowingly misled customers regarding its association with Perma-Green and the nature of the goods it sells.

### The Literally False Listings and Infringement are Willful and Deliberate

55. Defendants are aware that its listings are literally false, deceptive, confusing, and unlawful.

56. Defendants have been served with multiple Cease and Desist letters, yet Defendants continue their infringing actions.

57. For example, Klott continued to sell a "Permagreen JackShaft Bearing Assembly for Magnum" on Defendants website:

 

58.     The part falsely identified above as a Permagreen part differs from a true Perma-Green part:



59.     As shown, however, the Defendants' counterfeit part appears to use a cast iron pillow block, whereas a genuine Perma-Green part would use a plastic composite pillow block. Further, the large pulley shown on the jackshaft is not a Perma-Green part.

11

60. Defendants know these parts are not Perma-Green parts and yet market them as Perma-Green parts.

61. Despite knowing that the parts are not Perma-Green parts, and despite receipt of the Cease and Desist letters, Defendants continue to falsely market and mislead customers about the nature of the goods they sell.

62. Klott controls both Dr. Permagreen and FTW Investments, and has caused both Dr. Permagreen and FTW Investments to infringe Perma-Green's rights and, despite personally knowing that certain parts are not Perma-Green parts, has personally caused the parts to be listed as if they were "Permagreen" parts.

## COUNT I

### Trademark Infringement
### Against All Defendants under 15 USC § 1114

63. Perma-Green repeats and realleges the allegations contained in Paragraphs 1 through 62 as though fully set forth herein.

64. Perma-Green has a protectable interest in the Mark, registered with the United States Patent and Trademark Office. **See Exhibit 1.**

65. Without the consent of Perma-Green, Defendants have used and continue to use the Mark in commerce in connection with the sale, offering for sale, distribution or advertising of goods or services and the unauthorized use is likely to cause confusion, or to cause mistake, or is likely to deceive in violation of 15 U.S.C. §1114(1)(a).

66. Indeed, the Defendants offer products and use a business name nearly identical to the Mark.

67. Defendants have offered products using the Mark as a trade name that are not Perma-Green parts.

68. The Mark is federally registered.

69. Defendants have not been authorized to use the Mark.

70. Both Defendants and Perma-Green use the similar marks for the sale of lawn care equipment to commercial entities.

71. These efforts by Defendants have led to actual confusion by consumers.

72. Defendants have created parts that are not Perma-Green parts and yet purposefully palm off such parts as if they are genuine Perma-Green parts.

73. Defendants' unauthorized use of the Mark constitutes use of a counterfeit mark as described in 15 U.S.C. §1116(d)(1)(B)

74. Defendants have intentionally, willfully, and knowingly used the counterfeit mark in a malicious, fraudulent manner in connection with the sale, offering for sale, or distribution of goods or services.

75. Defendants' conduct is causing irreparable harm and injury to Perma-Green and its goodwill and reputation, and will continue to both damage Perma-Green and confuse the public unless enjoined by this Court. Perma-Green has no adequate remedy at law.

76. Perma-Green is entitled to injunctive relief, an award of actual or statutory damages, and treble damages under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

**COUNT II**

**False Designation of Origin**
**Against All Defendants Under 15 USC § 1125(a)**

77. Perma-Green repeats and realleges the allegations contained in Paragraphs 1 through 76 as though fully set forth herein.

78. Defendants make false representations concerning the origin, association, or endorsement of their goods or services through the wrongful use of Perma-Green's distinctive mark or name.

79. Defendants' acts are likely to deceive or confuse consumers, and have deceived or confused consumers, as to the origin, association, or endorsement of Defendants' goods and services, and are likely to cause and have caused consumers to believe, contrary to fact, that Defendants' goods and services are sold or offered, authorized, endorsed, or sponsored by Perma-Green, or that Defendants are in some way affiliated with or sponsored by Perma-Green.

80. Defendants have intentionally, willfully, and knowingly used the false representations in a malicious, fraudulent manner in connection with the sale, offering for sale, or distribution of goods or services.

81. Defendants' conduct causes irreparable harm and injury to Perma-Green and its goodwill and reputation, and will continue to both damage Perma-Green and confuse the public unless enjoined by this Court. Perma-Green has no adequate remedy at law.

82. Perma-Green is entitled to injunctive relief, an award of actual or statutory damages, and treble damages under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT III

### False Advertising
### Against All Defendants Under 15 USC § 1125(a)

83. Perma-Green repeats and realleges the allegations contained in Paragraphs 1 through 82 as though fully set forth herein.

84. Defendants have made false statements of fact in their advertising about Perma-Green's products.

85. Defendants' false statements are likely to deceive, have actually deceived, or have a tendency to deceive a substantial segment of consumers of commercial lawn equipment.

86. Defendants' deception is material and is likely to affect the purchasing decision of consumers of commercial lawn equipment.

87. Perma-Green has been injured as a result of the false statement by the direct diversion of sales and by the loss of goodwill associated with its products.

88. Perma-Green is entitled to injunctive relief, an award of actual or statutory damages, and treble damages under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT IV

### Deceptive Consumer Sales
### Against All Defendants Under Ind. Code § 24-5-0.5-4

89. Perma-Green repeats and realleges the allegations contained in Paragraphs 1 through 88 as though fully set forth herein.

90. Defendants made deceptive representations as to the subject matter of consumer transactions, including misrepresenting the source or origin of certain goods offered for sale by Defendants.

91. Defendants made deceptive representations as to the subject matter of consumer transactions, including falsely representing a sponsorship or approval of Defendants' actions by Perma-Green.

92. Defendants' actions harmed Perma-Green and tarnished Perma-Green's reputation.

93. Defendants' deceptive representations were willful.

## COUNT V

### Unfair Competition
### Against All Defendants

94. Perma-Green hereby restates and realleges Paragraphs 1 through 93 of this Complaint as though set forth herein.

95. Defendants make false representations concerning the origin, association, or endorsement of their goods or services through the wrongful use of Perma-Green's name.

96. Defendants' acts are likely to deceive or confuse consumers, and have deceived or confused consumers, as to the origin, association, or endorsement of Defendants' goods and services, and are likely to cause and have caused consumers to believe, contrary to fact, that Defendants' goods and services are sold or offered, authorized, endorsed, or sponsored by Perma-Green, or that Defendants are in some way affiliated with or sponsored by Perma-Green.

97. Defendants have intentionally, willfully, and knowingly used the false representations in a malicious, fraudulent manner in connection with the sale, offering for sale, or distribution of goods or services.

98. Defendants' conduct causes irreparable harm and injury to Perma-Green and to its goodwill and reputation and will continue to both damage Perma-Green and confuse the public unless enjoined by this court. Perma-Green has no adequate remedy at law.

### RELIEF REQUESTED

WHEREFORE, Perma-Green Supreme, Inc. hereby respectfully requests that this Honorable Court provide the following relief against Defendants, Michael Klott, Dr. Permagreen LLC, and FTW Investments, LLC:

1) Judgment that Michael Klott willfully and deliberately infringed the Mark;

2) Judgment that Dr. Permagreen LLC willfully and deliberately infringed the Mark;

3) Judgment that FTW Investments, LLC willfully and deliberately infringed the Mark;

4) Judgment that Michael Klott engaged in counterfeiting in violation of the Lanham Act;

5) Judgment that Dr. Permagreen engaged in counterfeiting in violation of the Lanham Act;

6) Judgment that FTW Investments, LLC engaged in counterfeiting in violation of the Lanham Act;

7) Judgment that Michael Klott engaged in deceptive advertising in violation of the Lanham Act;

8) Judgment that Dr. Permagreen LLC engaged in deceptive advertising in violation of the Lanham Act;

9) Judgment that FTW Investments LLC engaged in deceptive advertising in violation of the Lanham Act;

10) Judgment that Michael Klott falsely designated the origin of goods in violation of the Lanham Act;

11) Judgment that Dr. Permagreen falsely designated the origin of goods in violation of the Lanham Act;

12) Judgment that FTW Investments falsely designated the origin of goods in violation of the Lanham Act;

13) Judgment that Michael Klott made deceptive representations as to the source or origin, sponsorship, or approval of goods in violation of Ind. Code § 24-5-0.5-4;

14) Judgment that Dr. Permagreen made deceptive representations as to the source or origin, sponsorship, or approval of goods in violation of Ind. Code § 24-5-0.5-4;

15) Judgment that FTW Investments made deceptive representations as to the source or origin, sponsorship, or approval of goods in violation of Ind. Code § 24-5-0.5-4;

16) Judgment that Michael Klott intentionally, willfully, and knowingly used false representations in a malicious, fraudulent manner in connection with the sale, offering for sale, or distribution of goods or services in violation of Indiana common law;

17) Judgment that Dr. Permagreen intentionally, willfully, and knowingly used false representations in a malicious, fraudulent manner in connection with the sale, offering for sale, or distribution of goods or services in violation of Indiana common law;

18) Judgment that FTW Investments intentionally, willfully, and knowingly used false representations in a malicious, fraudulent manner in connection with the sale, offering for sale, or distribution of goods or services in violation of Indiana common law;

19) Enter a permanent injunction prohibiting Michael Klott and any of his subsidiaries, related, or affiliated entities from using the Mark for the sale, offering for sale, distribution or advertising of goods or services of any kind;

20) Enter a permanent injunction prohibiting Dr. Permagreen LLC and any of his subsidiaries, related, or affiliated entities from using the Mark for the sale, offering for sale, distribution or advertising of goods or services of any kind;

21) Enter a permanent injunction prohibiting FTW Investments, LLC and any of its subsidiaries, related, or affiliated entities from using the Mark for the sale, offering for sale, distribution or advertising of goods or services of any kind;

22) Damages, exemplary damages, including treble damages, and disgorgement of profits in an amount to be proven at trial;

23) Enhancement of damages including treble damages required to be awarded for trademark infringement;

24) Statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold by Defendants;

25) A declaration that this is an exceptional case;

26) Full costs, attorneys' fees, and pre- and post-judgment interest to the full extent permissible by law; and

27) Award such other relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury.

Respectfully submitted,

SWANSON, MARTIN & BELL, LLP

*/s/     William D. Patterson*
One of the Attorneys for Plaintiff
**Perma-Green Supreme, Inc.**

P. Stephen Fardy (6230900)
William D. Patterson (6294533)
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
sfardy@smbtrials.com
wpatterson@smbtrials.com